UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONIA GARCIA, *et al*, | § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-117 |
| WESLEY BLEVINS, *et al*, | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Defendant City of Houston's Motion for Summary Judgment (Doc. #48); Defendant Wesley T. Blevins's (Blevins) Motion for Summary Judgment (Doc. #51); the various responses and replies associated with both motions; Judge Stacy's Memorandum and Recommendation (Doc. #61) that the Court grant Defendants' Motions for Summary Judgment; and Plaintiffs' Objections (Doc. #62) to the Memorandum and Recommendation.

The Court has reviewed the case, *de novo*, and agrees with the Magistrate Judge's conclusion that Plaintiffs have not raised a genuine issue of material fact. The Court initially notes that Plaintiffs do not object to the Report's recommendation that the City of Houston's motion be granted. With regard to Blevins' liability, they focus on the recommendations concerning qualified immunity. The majority of their argument is an attack on the entire concept of qualified immunity. They argue there is no statutory or common law framework that supports this doctrine and that it is unlawful and should be discarded – if not for all actions, at least for those brought under § 1983. This Court, however, cannot overrule long established precepts established by the United States Supreme Court and the Fifth Circuit Court of Appeals. To achieve this remedy, they must seek it from the Supreme Court and/or Congress.

Their second objection regarding Blevins is more case specific. They argue that the Report and Recommendation employs an analysis they label as an "infinite parsing of facts." This Court recognizes that the Magistrate Judge did review the alleged facts in detail. This painstaking analysis, however, is not error. One need only review the precedent set by the Supreme Court and Fifth Circuit to see that the question of qualified immunity requires just such an analysis:

> To determine whether qualified immunity applies [we] engage [ ] in a two-part inquiry asking: first, whether "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right; and second, whether the right was clearly established."

*Winzer v. Kaufman County*, 916 F.3d 464, 473 (5th Cir. 2019) quoting in part *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) which in turn was citing *Saucier v. Katz*, 553 U.S. 194, 201 (2001).

Later in its discussion of whether the officer's actions violated clearly established law, the Circuit quoted the Supreme Court as to the necessity of case specific inquiry.

> The Supreme Court has held that we cannot "define clearly established law at a high level of generality." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742, 131S.Ct. 207, 179 L.Ed.2d 1149 (2011). This inquiry "must be taken in light of the specific context of the case, not as a broad general proposition." *Mullineux v. Luna*, ___ U.S. ___, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015). ...

*Winzer* at 476.

Thus, the dictates of both the Supreme Court and this Circuit demand that trial courts make a detailed factual analysis in order to properly apply the law "in light of the specific context of the case."

Indeed, while both this case and *Winzer* involve officer shootings – which are tragic regardless of the cause – the facts in *Winzer* – which the Fifth Circuit analyzed in detail – are

much more egregious, given their context, than the facts herein. Despite those facts, and the fact that the judges on the panel could not agree on all issues, the panel unanimously found that given the factual context of the case they could not conclude that the officer's use of excessive force was contrary to clearly established law. Neither can this Court in the instant case. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Objections (Doc. #62) are **OVERRULED**; the Memorandum and Recommendation (Doc. #61) is **ADOPTED**; the City of Houston's Motion for Summary Judgment (Doc. #48) is **GRANTED**; and the Motion for Summary Judgment by Blevins (Doc. #51) is also **GRANTED**. It is further

**ORDERED** that Plaintiffs' case is **DISMISSED WITH PREJUDICE**.

Entry of this Order shall constitute entry of **Final Judgment**.

SIGNED at Houston, Texas, this 13th day of June, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE